# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1998 SESSION



FILED

March 22, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 02C01-9805-CC-00133 |
| Appellee, | ) |
| | ) Hardin County |
| V. | ) |
| | ) Honorable C. Creed McGinley, Judge |
| | ) |
| **RUSSELL BARNES,** | ) (Aggravated Burglary) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

HARRIET S. THOMPSON
106 East Market Street
Bolivar, TN 38008

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELIZABETH T. RYAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

ROBERT "GUS" RADFORD
District Attorney General

JOHN W. OVERTON, JR.
Assistant District Attorney General
P.O. Box 484
Savannah, TN 38372

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

## O P I N I O N

Russell Barnes appeals the denial of his request for alternative sentencing. The appellant pleaded guilty on March 30, 1998 to aggravated burglary[1] committed on or about May 20, 1997 and was sentenced in accordance with his plea agreement to the range 1 minimum of three years, with the manner of service to be determined at a subsequent sentencing hearing. At that hearing, the trial court found that the appellant is not a suitable candidate for alternative sentencing and ordered confinement in the Tennessee Department of Corrections. The appellant's sole issue on this appeal is whether the trial court erred in denying alternative sentencing.

We affirm the judgment of the trial court.

When an accused challenges the length or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this Court must consider (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) any statutory mitigating or enhancement factors; (6) any statement made by the accused in his own behalf; and (7) the potential or lack or potential

---

[1] The appellant also pleaded guilty to unlawful possession of a firearm; driving on a revoked license; and driving under the influence (second offense), for which he received sentences of thirty days, sixty days, and eleven months and twenty-nine days, respectively. These sentences are not contested.

for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The appellant carries the burden of showing that his sentence is improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996).

At his sentencing hearing, the appellant testified that he was employed and that he provides for his fiancé, who has cancer and who was, at that time, pregnant. He indicated that, although he had previously completed an alcohol abuse treatment program, he still has a drinking problem. And, he stated that he would agree to pay restitution if requested by the victim.

The appellant also admitted, however, that he had been arrested and convicted four times for public intoxication and once for domestic assault against his fiancé while on bond awaiting sentencing in the present case. Additionally, the state exhibited the appellant's presentence report, which indicates some fourteen prior arrests. Although the report does not state the disposition of these arrests, the appellant admitted that twelve or thirteen of them resulted in convictions.

After hearing this proof, the trial court first noted that the appellant is presumed eligible for alternative sentencing. See Tenn. Code Ann. § 40-35-102. However, based on the appellant's lengthy criminal record, the court "inescapabl[y] conclu[ded] that he's not an appropriate candidate for any type of alternative sentencing. He has very little respect for the law or any rules that would govern civilized people's behavior."

The appellant first argues that, because the trial court failed to consider the eligibility requirements for a sentence to the community corrections program, the sentence below is not entitled to a presumption of correctness. We disagree.

As noted above, the trial court began by acknowledging that the appellant is presumed eligible for alternative sentencing. However, the appellant's proven disregard for the law convinced the trial court that, despite this presumption of eligibility, the appellant is not an appropriate candidate for any alternative to incarceration. Having determined that the appellant is unsuitable for alternative sentencing generally, we find no error in the trial court's failure to inquire further as to the appellant's eligibility for community corrections specifically.

The appellant next asserts that he is in fact eligible for community corrections pursuant to both subsections (a) and (c) of Tennessee Code Annotated § 40-36-106 and that the trial court erred in denying such a sentence. Again, we do not agree.

Even if the appellant were eligible for community corrections, we would not find the trial court's denial of that sentence erroneous. As this Court has previously explained, an offender's eligibility for community corrections does not amount to entitlement. See State v. Grigsby, 957 S.W.2d 541, 547 (Tenn. Crim. App. 1997). "[G]iven their ability to review the offender's demeanor and characteristics first hand, trial courts are in the best position to ascertain an offender's amenability to a community corrections program." Therefore, this Court will not disturb a trial court's decision in that regard absent a clear showing of abuse of discretion. Id. Because we find no error in the trial court's determination that the appellant is generally unsuitable for alternative sentencing, this issue is without merit.

Moreover, we would not find the appellant eligible for a community corrections sentence. Eligibility under subsection (a) requires, inter alia, that the offender not "demonstrate a pattern of committing violent offenses." Tenn. Code. Ann. § 40-36-106(a)(6). The appellant was arrested for spousal abuse while on bond awaiting sentencing in this case, and, of the fourteen arrests listed

in the appellant's presentence report, eight are for battery. Thus, we conclude that the appellant's history does indicate a pattern of violent offenses and that he is, therefore, ineligible for consideration of a community corrections sentence under subsection (a).

To be eligible for community corrections under the "special needs" provision of subsection (c), an offender must first be statutorily eligible for probation. In addition, there must be a determination that "(1) the offender has a history of chronic alcohol, drug abuse, or mental health problems; (2) these factors were reasonably related to and contributed to the offender's criminal conduct, (3) the identifiable special need(s) are treatable, and (4) the treatment of the special needs could be served best in the community rather than in a correctional institution." State v. Grigsby, 957 S.W.2d 541, 546-47 (Tenn. Crim. App. 1996).

The appellant is statutorily eligible for probation, see T.C.A. § 40-35-303; and he has a history of alcohol abuse. However, the record before us simply does not establish any of the remaining requirements. Nothing suggests that the appellant's alcohol problem contributed to this aggravated burglary. The appellant's previously attempted treatment was apparently unsuccessful, and he offers nothing to suggest that his problem is now treatable. And, even if treatable, there is nothing to suggest that his treatment would be better served in the community rather than a correctional institution. The appellant has failed to carry his burden of showing that his sentence is improper.

The judgment of the trial court is AFFIRMED.

_____
JOHN EVERETT WILLIAMS, Judge

-5-

CONCUR:

_____
GARY R. WADE, Judge

_____
THOMAS T. WOODALL, Judge